**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ALFRED L. BRIGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-CV-237-FHM |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff, Alfred L. Briggs, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as

---

[1] Plaintiff's May 9, 2003 applications for Disability Insurance and Supplemental Security Income benefits were denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held October 13, 2004. By decision dated October 21, 2004, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on March 18, 2005. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995); *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born January 8, 1953, and was 51 years old at the time of the hearing. [R. 67, 396]. He claims to have been unable to work since April 26, 2003, due to hernia and back problems. [R. 93].  The ALJ determined that Plaintiff has a severe impairment of hernias [R. 18] but that he retains the residual functional capacity (RFC) to lift/carry 20 pounds occasionally or 10 pounds frequently; sit or stand/walk for 6 hours in an 8-hour workday with normal breaks; occasional bending, stooping, crouching, crawling and climbing of stairs and no climbing of ladders or scaffolding. [R. 19].  He determined that, with this RFC, Plaintiff could perform his past relevant work (PRW) as a mail room clerk and fast food worker and also found, alternatively, that there were other jobs in the economy in significant numbers that Plaintiff could perform with those restrictions.  He found, therefore, that Plaintiff was not disabled as defined by the Social Security Act. [R. 20].  The case was thus decided at both step four and step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ committed the following errors: 1) he failed to make a proper determination at steps two and three of the sequential evaluation process; 2) he failed to fully and fairly develop the record; 3) he failed to perform a proper credibility determination. [Plaintiff's Brief, p. 2]. For the reasons discussed below, the Court affirms the decision of the Commissioner.

### Steps Two and Three Findings

Plaintiff claims the ALJ ignored evidence of back and neck pain, hand problems, right shoulder pain and degenerative disease and that he should have included osteoarthritis of the back and obesity as severe impairments at step two.

At step two, the ALJ is to determine whether the claimant has an impairment or combination of impairments which significantly limits his ability to do basic work activities. 20 C.F.R. § 404.1520(c). This step requires a "*de minimis*" showing of impairment. See *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir.1997)(citing *Williams*, 844 F.2d at 751). However, the claimant must show more than the mere presence of a condition or ailment. See *Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S.Ct. 2287, 2297, 96 L.Ed.2d 119 (1987)(step two designed to identify "at an early stage" claimants with such slight impairments they would be unlikely to be found disabled even if age, education, and experience were considered). "[T]he claimant must make a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities...." *Id.* at 751.   With regard to Plaintiff's claim of impairment due to right shoulder pain, the medical records reflecting that Plaintiff complained of right shoulder pain at the emergency room on September 22, 2003, are not sufficient evidence to establish a

severe impairment. Range of motion tests were normal. [R. 224]. X-rays were unremarkable. [R. 226]. Plaintiff's re-check examination the following day indicates he was discharged from treatment as improved. [R. 238]. Other than these records there is no medical evidence of right shoulder impairment. No physician has ever told Plaintiff to restrict any of his activities because of right shoulder pain. No physician has reported any functional limitations due to right shoulder impairment. Plaintiff's testimony, cited as support for this claim, does not constitute evidence of a severe impairment. See *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir.1990) (per curiam) (subjective complaints alone insufficient to establish nonexertional impairment).

The record does not contain a diagnosis of degenerative joint disease or even any treatment for such a condition. A radiologist's report of "Increased density in the left sacroiliac joint and left femoral head which may be due to technique secondary to the patient's large body habitus versus degenerative change versus other" does not support Plaintiff's allegation that this is a severe impairment. [R. 246]. Standing alone, this observation by the radiologist, who was reviewing Plaintiff's x-rays in relation to his complaints of abdominal pain, does not constitute substantial evidence of degenerative joint disease as a severe impairment at step two.

Plaintiff relies upon a notation by Walter L. Wilson, D.O., as support for his allegation that he has a severe impairment of osteoarthritis. Again, this is the only mention of such a condition in the medical records. Although Plaintiff was seen several times between 2000 and 2003 in the emergency room for complaints ranging from abdominal pain to an earlobe infection, there is no suggestion that any functional

4

limitations were found or restrictions on activities were imposed due to osteoarthritis by Plaintiff's health care providers.

Plaintiff did not address his obesity either in his application for benefits or at the hearing before the ALJ, but he now contends that the ALJ failed to consider the limitations of Plaintiff's obesity as required by S.S.R. 02-01 (requiring ALJ to consider obesity at various points of the five-step analysis).  Plaintiff's physicians noted the condition in several medical reports. [R. 135, 136, 169].  In particular, Dr. Whitworth, refused to perform elective surgery on Plaintiff's hernia on April 30, 2003, because of "a very high chance of significant complications and even death" due to the "extreme weight in this region." [R. 170].  The ALJ acknowledged this evidence. [R. 18]. However, none of Plaintiff's physicians indicated that obesity was a factor in regard to exertional, postural and social functions.  Nor did Plaintiff testify that his weight contributed to his inability to engage in activities in any way.[2]  Because there is no evidence regarding obesity in the record that the ALJ failed to consider or that the ALJ improperly considered, Plaintiff's contention of error on the part of the ALJ for failing to specifically identify obesity as a severe impairment at step two is without merit.  *See Bowen v. Yuckert*, 107 S.Ct. at 2293(If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits).

---

[2] As to Plaintiff's allegations of shortness of breath the record contains a single notation of "some slight difficulty breathing while sitting up and talking"  [R. 169]. X-rays of the chest indicated pulmonary vasculature within normal limits and lung fields expanded to the periphery and free of infiltrate or pleural effusions. [R. 137].

Because the Court finds no error on the part of the ALJ in his step two findings, Plaintiff's incidental argument with regard to the ALJ's step three findings are likewise without merit. There is no indication in the record that Plaintiff had osteoarthritis that caused decreased range of motion of the back as alleged by Plaintiff. Because there was no requirement for the ALJ to evaluate Plaintiff's impairment under the listings for musculoskeletal and respiratory systems, 20 C.F.R. pt. 404, subpt. P, App. 1, §§ 1.00 and 3.00, there was no obligation to consider the effect of obesity under those listings.

### Development of the Record

Plaintiff contends that, because the ALJ failed to order a consultative examination, he failed to fully and fairly develop the record.

An ALJ has the responsibility "in every case 'to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.'" *Hawkins*, 113 F.3d at 1164 (quoting *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360-61 (10th Cir. 1993)); see also 20 C.F.R. §§ 404.944, 416.1444 (requiring ALJ to look fully into issues); Social Security Ruling 96-7p, 1996 WL 374186, at *2 n. 3 (requiring ALJ to develop "evidence regarding the possibility of a medically determinable mental impairment when the record contains information to suggest that such an impairment exists"). This responsibility to develop the record may require the ALJ to order a consultative examination. *See Hawkins*, 113 F.3d at 1166. The Commissioner is given broad latitude, however, in making a decision to order such an examination. *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir.1990). Moreover, the ALJ's duty is triggered only after the claimant has

6

satisfied his or her burden to provide objective evidence "sufficient to suggest a reasonable possibility that a severe impairment exists." *Hawkins*, 113 F.3d at 1167.

Plaintiff argues that, because his attorney requested a consultative examination at the hearing, the ALJ was obligated to order one or explain why one is not necessary. Plaintiff cites no authority for this contention. After review of the record, the Court concludes the duty of inquiry was satisfied in this matter. *See Younger ex rel. Younger v. Shalala*, 30 F.3d 1265, 1269 (10th Cir.1994) (duty satisfied where record as a whole showed ALJ apprised himself of pertinent facts and circumstances).
Unless the medical evidence in the record is inconclusive, a consultative examination is not required for proper resolution of a disability claim. The ALJ does not have to exhaust every possible line of inquiry in an attempt to pursue every potential line of questioning. The standard is one of reasonable good judgment." *Hawkins*, 113 F.3d at 1168.

Plaintiff's suggestion that his indigence prevented him from obtaining medical evidence to establish alleged impairments of carpal tunnel syndrome and x-rays on his knees is belied by the medical record, which indicates that he has been able to obtain significant medical care throughout the years despite lack of funds. For instance, x-rays and ultrasound studies were performed at the emergency room when Plaintiff complained of right shoulder pain [R. 226] and when he complained of foot and ankle problems [R. 260-262]. Under the circumstances of this case, the ALJ did not fail in his duty to develop the record by refusing the request for a consultative examination.

**Credibility Determination**

Plaintiff contends the ALJ's credibility determination was flawed because he faulted Plaintiff for not following his doctor's advice to lose weight and quit smoking. Citing SSR 02-1p, Plaintiff contends he was never prescribed a diet or other treatment for his obesity. However, Dr. Whitworth reported that when he recommended Plaintiff "see the clinic on South Harvard" to initiate treatment for his weight and smoking, Plaintiff became belligerent and was not motivated to do so. [R. 170]. At any rate, failure to follow recommended medical advice was not the sole factor for the ALJ's credibility findings. The ALJ cited evidence in the record that Plaintiff's treating doctors released him to return to work with the limitation of no lifting, pushing or pulling of more than 20 pounds. He also cited Plaintiff's testimony that he can continue sitting and standing if he is allowed to change position. [R. 19]. Contrary to Plaintiff's contention, the ALJ did not ignore evidence that he "had to go to an emergency room on numerous occasions for treatment of his hernia." The ALJ found Plaintiff's hernia to be a severe impairment and assessed his RFC accordingly. Plaintiff complains the ALJ did not consider his "absent social life." However, Plaintiff stated that he goes downstairs daily to talk to a few people [R. 417] and that he walks to the YMCA to visit friends [R. 112].

Credibility determinations are peculiarly the province of the finder of fact, and the court will not upset such determinations when supported by substantial evidence. *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (quoting *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1995)). After review of the record, the Court concludes that substantial evidence in the record as a whole supports the ALJ's ruling with regard to his credibility findings.

## **Conclusion**

The ALJ's decision demonstrates that he considered all of the medical reports and other evidence in the record in his determination that Plaintiff retained the capacity to perform a limited range of work activities and that he could return to his past relevant work as a mail room clerk and fast food worker or, alternatively, that a significant number of other jobs exist in the economy that Plaintiff can perform. The record as a whole contains substantial evidence to support the determination of the ALJ that Plaintiff is not disabled. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 26th day of May, 2006.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE